Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
 910 Main St. Suite 358C
Boise, ID 83702
P: 314-322-7639
F: 208-429-8233
Email: barkley@barkleysmithlaw.com

Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
Email: ryanballardlaw@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE MENDOZA,<br><br>           Plaintiff,<br>vs.<br><br>COLLECTION BUREAU INC.,<br><br>           Defendant. | Case No. 15-CV-511<br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Michelle Mendoza, by and through her counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and Ryan A. Ballard of Ballard Law, PLLC, and allege her causes of action against Defendant as follows:

**Complaint - 1 of 4**

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC § 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 USC § 1692k (d) because the illicit collection activity was directed at Plaintiff in Canyon County, Idaho.

4. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a natural person currently residing in Canyon County, Idaho.

6. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

7. The debt Ms. Mendoza owes arises out of a personal, family, or household transaction(s).

8. Specifically, Ms. Mendoza believes the debt is a judgment in obtained against Ms. Mendoza and Victor Rodriguez by Lasher Development Company, LLC in Idaho state court, Canyon County case CV-2013-4085-C).

9. Collection Bureau, Inc. is an Idaho corporation in the business of collecting debts, with its corporate address as 719 1st St. S., Nampa, Idaho 83653.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## **GENERAL ALLEGATIONS**

11. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

12. Plaintiff retained Attorney Barkley B. Smith in an attempt to obtain a settlement of the judgment.

13. Upon information and belief, Collection Bureau, Inc. was hired by Lasher to collect on the judgment.

14. On or about August 10, 2015, Mr. Smith placed a telephone call to Sky Ipsen of Mark L. Clark, PLLC, the attorney representing Collection Bureau, Inc. to discuss settlement options.

15. Mr. Smith emailed Mr. Ipsen on September 1 to request an update.

16. Mr. Ipsen agreed to provide an update the next day.

17. Mr. Smith did not hear back from Mr. Ipsen.

18. Defendant had actual knowledge that Ms. Mendoza was represented by Mr. Smith in connection to Judgment.

19. A CBI employee contacted Ms. Mendoza on September 21, 2015 and immediately attempted to coax her into a settlement.

20. Ms. Mendoza notified the CBI employee that she had retained an attorney to represent her.

21. The CBI employee referred to the notes in her computer system and confirmed that CBI was aware Ms. Mendoza was represented by attorney Barkley Smith.

22. Despite this knowledge, the CBI employee again attempted to pressure Ms. Mendoza into agreeing to a settlement..

22. Ms. Mendoza reiterated that she had retained an attorney and would consult with her attorney before agreeing to any settlement terms and ended the communication.

### COUNT I: VIOLATION OF THE FDCPA

24. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

25. CBI had actual knowledge that Ms. Mendoza was represented by Attorney Smith before contacting her by phone on September 21, 2015.

26. CBI contacted Ms. Mendoza directly, rather than through her attorney, for wrongful purpose of settlement negotiations which would be more favorable to CBI than it might obtain by going through counsel as it should have.

27. Defendant's conduct is in direct violation of 15 U.S.C. §1692c(a)(2) which prohibits debt collectors from contacting consumers directly when aware the "consumer is represented by an attorney and has knowledge of, or can readily ascertain, such attorney's name and address."

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Release of the alleged debt;

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted by,

/s/_Barkley B. Smith_____
BARKLEY B. SMITH
Barkley Smith Law, PLLC

**Complaint - 4 of 4**