UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE MENDOZA,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>COLLECTION BUREAU, INC., an Idaho corporation,<br><br>　　Defendant. | Case No. 1:15-CV-00511-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court in the above-entitled matter is Plaintiff's Motion to Enforce Judgment. (Dkt. 6.) The Motion is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions are decided on the record without oral argument.

**ORDER - 1**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michelle Mendoza brought this action against Defendant Collection Bureau, Incorporated ("CBI") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The claim alleges an employee of Defendant's contacted Plaintiff directly to attempt to arrange payment of a debt knowing Plaintiff was represented by an attorney. (Dkt. 1.) The underlying debt owed by Plaintiff was originally due to Lasher Development Company ("Lasher"). On July 12, 2013, Lasher obtained a Judgment against Plaintiff in Idaho state court for the debt. (Dkt. 8, Aff. Heck.) Lasher assigned that Judgment to CBI on August 6, 2013. *Id.* CBI has attempted to collect the debt from Plaintiff since that time. The event giving rise to this action occurred in 2015.

Shortly after the Complaint in this case was filed, Plaintiff filed a Notice of Acceptance of a Rule 68 Offer of Judgment wherein the Plaintiff accepted Defendant's Offer of Judgment for $1,001 in statutory damages, plus costs and reasonable attorney fees. (Dkt. 3.) In December of 2015, a writ of execution was issued by the state court against Plaintiff for payment of the underlying debt and defense counsel sent a notice of garnishment on behalf of Lasher to CBI for collection of the debt CBI owed to Plaintiff resulting from the Judgement in this case as payment on the underlying debt owed by Plaintiff in the state court case. (Dkt. 6-5, Ex. C) (Dkt. 8, Aff. Heck.)

On January 21, 2016, this Court entered a Judgment consistent with the offer and notice. (Dkt. 5.) The parties agreed that $1,400.00 was a reasonable amount for Plaintiff's costs and attorney's fees which Defendant paid to Plaintiff's counsel directly. (Dkt. 6-3, Ex. A.) As to the

**ORDER - 2**

statutory damages, the parties disputed the method of payment for the $1,001.00. (Dkt. 6-2, Aff. Smith.) Ultimately, the Defendant credited the account it held for Plaintiff's underlying debt in the amount of $1,001.00 in satisfaction of the Judgement CBI owed to Plaintiff in this case. Plaintiff has now filed this Motion to Enforce Judgment demanding that the statutory damages be paid to her and disputing that Defendant's credit to her account for the underlying debt constitutes satisfaction of the Judgement in this case. (Dkt. 6.) The Court finds as follows.

## DISCUSSION

Under Federal Rule of Civil Procedure 69, "a money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). No federal statute governs here. Therefore, Idaho's procedure controls.

In Idaho, a final judgment for the payment of money is enforced by "a writ of execution unless the court directs otherwise." Idaho R. Civ. P. 69(a). A "writ of execution" is a "formal process issued by a court generally evidencing the debt of the defendant to the plaintiff and commanding the officer to take the property of the defendant in satisfaction of the debt...." *City of Idaho Falls v. Beco Const. Co., Inc.*, 850 P.2d 165, 175 (Idaho 1993) (quoting Black's Law Dictionary 510 (5th ed. 1979) (holding statutes take precedence over Rule 69's process)). Essentially, a writ of execution is the process whereby the Court can enforce its judgments by ordering seizure of an asset from the judgment debtor or other appropriate specific performance in order to satisfy the judgment.

ORDER - 3

The relief sought by Plaintiff in this case is to enforce the Judgment by demanding that the Defendant remit payment of the statutory damages directly to Plaintiff, i.e., asking that Defendant be ordered to satisfy the Judgment in a specific manner. Plaintiff argues the Offer of Judgment in this case clearly states the parties' intention was for Judgment to be taken against CBI in favor of Plaintiff and that Defendant's conduct in crediting the statutory damages against the underlying debt violates the purpose and public policy of the FDCPA. (Dkt. 6, 9.) Defendant objects arguing the Judgement did not require that payment of the statutory damages be made directly to Plaintiff. (Dkt. 7.) Instead, Defendant argues, it has satisfied the Judgment by crediting, aka setting off, the $1,001.00 in statutory damages CBI owes in this case against what Plaintiff owes on the underlying debt. (Dkt. 7.) Plaintiff maintains the Defendant's setoff method of payment violates the policies underlying FDCPA and is contrary to the parties' intent in the Offer of Judgment.

The Offer of Judgment in this case uses only general language which does not clearly indicate the parties' had a specific intention with regard to payment. (Dkt. 3.) As to the FDCPA policy argument, Plaintiff argues the case of *Isa v. Law Office of Timothy Baxter & Associates* is directly on point. (Dkt. 6, 9.) Defendant cites to *Brown v. Mandarich Law Group, LLP* in support of its position. (Dkt. 7.) The Court finds the setoff by Defendant does not violate FDCPA policy.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA provides that a

**ORDER - 4**

plaintiff who successfully prosecutes a FDCPA claim shall be awarded statutory damages and reasonable attorney fees. 15 U.S.C. § 1692(a)(3).

In *Isa*, the court held that a judgment debtor in a FDCPA case could not setoff that judgment by paying the FDCPA plaintiff's underlying creditor. *Isa*, No. 13-cv-11284, 2013 WL 5692850 (E.D. Mich. Oct. 21, 2013). The court reasoned that the FDCPA debtor's payment to the third-party creditor on the underlying debt was not a "setoff" but was instead a transfer of money to the FDCPA plaintiff's creditor instead of a payment of damages for the FDCPA violation. Such a transaction, the court held, violates the FDCPA's purpose of "eliminate[ing] abusive debt collection practices by debt collectors" by allowing a collector to violate the FDCPA and then pay the penalties to the underlying creditors. *Id.* at *3. Such an outcome would encourage violations by debt collectors.

The court in *Brown*, on the other hand, upheld an offset by a FDCPA defendant against the underlying debt. *Brown v. Mandarich Law Grp., LLP*, No. 13-CV-04703, 2014 WL 2860631 (N.D. Cal. June 23, 2014). There, the FDCPA defendant had been assigned the FDCPA plaintiff's underlying debt. Therefore, the court reasoned, the offset did not violate FDCPA policy because the FDCPA defendant incurs the statutory penalty by collecting less of the underlying debt it was owed as reduced by the setoff amount. *Id.* at 2-3. The facts in this case are akin to those in *Brown*.

As in *Brown*, Defendant in this case was assigned the state court judgment against Plaintiff. As the holder of the state court judgment, Defendant is the judgment creditor to whom Plaintiff owes the underlying debt. Consistent with the reasoning in *Brown*, this Court finds the Defendant's offset of the FDCPA statutory damages awarded in this action against the underlying debt owed

**ORDER - 5**

by Plaintiff is in accord with FDCPA policy. *Brown*, 2014 WL 2860631, at *2-3; *see also Lundsted v. JRV Holdings, LLC*, Case No. 14-cv-13981, 2016 WL 1665154 (E.D. Mich. April 27, 2016) (distinguishing *Isa* and *Brown*).1

The procedural posture of this case, however, is somewhat different than *Brown*. Here, the Defendant did not file a motion asking for leave to offset the statutory damages before doing so. Instead, Defendant effectively offset the judgements on its own by crediting Plaintiff's account on the underlying debt in the amount of the statutory penalty awarded in this case. It is the Plaintiff in this case who has filed the Motion to Enforce Judgment seeking to challenge Defendant's method of satisfying the judgment. Having considered that circumstance, the Court concludes that despite the fact that Defendant should have requested leave to offset the judgment prior to doing so, the end result is correct. For the reasons articulated in *Brown* and stated herein, setoff is appropriate in this case and the Plaintiff's Motion is denied. That being said, the Court does not approve of the defense proceeding with the offset in this case without filing a proper motion to offset the judgment. Given the obvious disagreement between the parties concerning the matter,

---

1Plaintiff argues this case is distinct from *Brown* because the debt buyer in that case had "clean hands" whereas, in this case, CBI clearly violated the FDCPA. (Dkt. 9 at 4-5.) The Court disagrees. The *Brown* court concluded that offset of the statutory damages does not violate the FDCPA where, as here, the FDCPA defendant owned the underlying debt. The part of the motion to offset that was denied in *Brown* concerned the award of attorney fees. That is not at issue here as the Defendant has not offset the attorney fees in this case.

**ORDER - 6**

the appropriate procedure was for Defendant to have sought a ruling from the Court before offsetting the Judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Enforce Judgement (Dkt. 6) is **DENIED**.

DATED: February 21, 2017

Edward J. Lodge
United States District Judge